### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:16-cr-179 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| BRANDON L. CAUDLE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Brandon Caudle ("Caudle") for a compassionate release due to COVID-19 circumstances. (Doc. No. 28 ["Mot"].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 30 ["Opp'n"].) Caudle filed a reply. (Doc. No. 31.) For the reasons that follow, Caudle's motion is denied without prejudice.

## I. BACKGROUND

On October 11, 2016, the Court sentenced Caudle to a term of imprisonment of 41 months on Counts 1 through 3 of an information that charged him with mail fraud, in violation of 18 U.S.C. § 1341. (Doc. No. 10 (Judgment).) The underlying charges related to three fraudulent schemes that Caudle operated while housed as a prisoner at FCI Elkton. The first targeted creditors of prisoners, including Caudle's own creditors, and sought to clear certain charges by falsely claiming that the prisoners were victims of identity theft. The second scheme targeted restaurants, wherein Caudle posed as relatives and sought to obtain gift cards by falsely claiming poor service. The third scheme targeted the United States Postal Service and involved

fraudulently causing the USPS to deliver packages and letters without providing the proper postage. (Doc. No. 1 (Information); *see* Doc. No. 4 (Rule 11(c) Plea Agreement).) Caudle is currently serving his sentence at a halfway house at Community Corrections Association ("CCA") Youngstown with an anticipated release date of June 4, 2020. *See* https://www.bop.gov/inmateloc/ (last visited 5-14-2020).

On May 7, 2020, Caudle filed the present motion, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He complains that currently there are no masks or personal protective equipment being used at CCA Youngstown to combat the spread of COVID-19. This is of special concern to Caudle because he "is uniquely pre-disposed to contract a serious form of illness were he to be infected with the virus, given that he has substantial underlying conditions . . . [including] Human Immunodeficiency Virus (HIV) and has been experiencing chest and respiratory issues and has had a high fever. Additionally, he has [recently] received an order to have chest X-Rays performed to test for pre-Chronic Obstructive Pulmonary Disease (COPD)." (Mot. at 284-85.)

The government argues that Caudle's motion should be denied because he has not exhausted his administrative remedies, and because Caudle has not made the requisite showing under 18 U.S.C. § 3582. (Opp'n at 294, 300-05.)

## II. DISCUSSION

The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington,* 584 F.3d 693, 700 (6th Cir. 2009). Rather, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston,* 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross,* 245 F.3d 577, 858 (6th Cir. 2001)). Title 18

U.S.C. § 3582(c)(1)(A) provides that courts may "reduce [an inmate's] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" where "extraordinary and compelling reasons warrant [release]," or the prisoner's age and other factors make release appropriate. 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Bureau of Prisons ("BOP") could move a district court under § 3582(c)(1)(A) for the compassionate release of a federal prisoner. On December 21, 2018, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release. The amendment provides prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt . . . of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A). No exceptions to the exhaustion requirement are listed in the statute.

Caudle does not represent that he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or that 30 days has passed since the warden of his facility received a request from him to file such a motion. Instead, he insists that the Court should waive the exhaustion requirement. (Mot. at 288-90 ["While Mr. Caudle may not have met the exhaustion requirement required by the statute, he requests that this Court waive the requirement under these dire and narrow circumstances."].) Courts are split on whether a district court may waive the exhaustion and 30-day requirement due to the exigent circumstances presented by COVID-19. *Compare United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) (waiving exhaustion requirement in light of COVID-19);

*United States v. Colvin*, No. 3:19cr179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (same); with *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (finding exhaustion requirement in § 3582 mandatory); *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) (collecting cases finding that "a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and that the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic"); *see also United States v. Johnson*, No. RDB-14-0441, 2020 WL 1663360, at *2 (D. Md. Apr. 3, 2020) (holding that the "exhaustion requirements of § 3582(c)(1)(A) are jurisdiction in nature, and [the district] court may not expand its jurisdiction by waiving such requirements").

In *Raia*, the Third Circuit ruled that the fact that the petitioner did not wait the requisite 30 day period before seeking a compassionate release from the district "present[ed] a glaring roadblock foreclosing compassionate release[.]" *Raia*, 594 F.3d at 597. In so ruling, the court explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia [68 year old individual with diabetes and "heart issues"]. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. *See generally* Federal Bureau of Prisons, *COVID-19 Action Plan* (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp. Given BOP's shared desire for a safe and healthy prison environment, we  conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," we anticipate that the exhaustion requirement will be speedily dispatched in case like this one. Memorandum from Attorney Gen. to Dir., Bureau of Prisons 1 (Mar. 26, 2020), https://www.justice.gov/file/1262731/download. So

we will deny Raia's motion.

*Id.*

The Court agrees with the reasoning and logic of the Third Circuit. In addition to a lack of any indication in the language of § 3582(c)(1)(A) that the exhaustion requirement is discretionary or may be waived, the exhaustion requirement serves the important purpose of allowing the BOP—an agency that is in a better position to understand an inmate's health and circumstances relative to the rest of the prison population and identify "extraordinary and compelling reasons" for release—the opportunity to address such requests in the first instance. Accordingly, the Court "will not read an exception into § 3582(c)(1) which does not exist[,] and Caudle's motion is denied for failure to exhaust his administrative remedies. *See Johnson*, 2020 WL 1663360, at *6 (denying inmate's motion for compassionate release for failure to exhaust administrative remedies).

**III. CONCLUSION**

For the foregoing reasons, as well as the reasons in the government's brief opposing compassionate release, Caudle's motion for a compassionate release is denied without prejudice. That said, given the nature of Caudle's offense, his stated health problems, and his fast-approaching release date (June 4, 2020), the Court encourages the BOP to review his case to see if he is an appropriate candidate for a compassionate release at this time.

**IT IS SO ORDERED**.

Dated: May 15, 2020

                                                    **HONORABLE SARA LIOI**
                                                    **UNITED STATES DISTRICT JUDGE**